CLEMENTS v. STUBBS, TISON & COMPANY.

On the trial of an issue raised by the levy of an execution on land and the interposition of a claim, the question to be determined is one of title, and where it is proved that at the time of the levy the defendant in execution was in possession, a prima facie case is made, which, in the absence of contrary proof of title, authorizes a verdict subjecting the property to sale under the execution. The presumption which arises on showing the land to have been in the possession of the defendant at the time of the levy is not rebutted by the introduction of a single deed, executed by a stranger to the proceeding, which purports to convey title to the claimant, when the same is unsupported by any evidence showing the grantor to have been in possession prior to or at the time of the execution of the deed.

Argued November 18, 1898. — Decided February 10, 1899.

Levy and claim.  Before Judge Smith.  Telfair superior court.  April 18, 1898.

An execution against W. T. Clements, founded upon a judgment rendered November 6, 1895, was levied on land which was claimed by his wife, on the ground that it had been set apart by the ordinary as a homestead for her and her family. Subsequently she amended by alleging that the land was her property individually, and not the property of W. T. Clements. From the entry of levy it appeared that the defendant was in possession of the land.  The claimant introduced a deed thereto, made to her by James E. Clements, and dated October 15, 1894; and closed.  It was admitted that the note upon which the execution was based contained a waiver of homestead.  The plaintiffs introduced the original claim affidavit and bond; also, the claimant's application for a homestead, with a schedule of realty and a schedule of personalty attached thereto, and a survey and plat of certain land by the county surveyor.  Upon the homestead papers were entries by the ordinary, showing that the application was filed March 10, 1896, and approved April 6, 1896. The claimant's objection to the homestead record was overruled,

and a verdict finding the property subject was directed. The objections were: (1) No particular land was mentioned in the application for homestead, nor was such a description of the property therein set out as would show that it was the same property claimed in this case. (2) It did not allege that the husband had refused or failed to apply for homestead, or that he had consented for the applicant to apply for the homestead. (3) There was no order of the court of ordinary requiring the county surveyor to enter upon the land mentioned in the application and make a plat thereof, and to make return of the survey and of the value of the land, under oath. (4) The homestead proceedings, when the plat and survey were introduced, had never been recorded in the office of the clerk of the superior court, and were therefore void. (5) The application for homestead was not sworn to by the applicant.

*D. C. McLennan*, for plaintiff in error.
*Eason & McRae*, contra.

LITTLE, J. On the 7th day of April, 1896, the claimant, on the levy of the execution, interposed a claim in which she averred that the land levied on had been set apart for a homestead for deponent and her family, in terms of the law. On the 17th of April, 1897, she amended her claim by averring that the property levied on was the property of claimant individually, and not the property of the defendant in execution. The plaintiff in fi. fa. made a prima facie case by the introduction of the execution and showing that the defendant was in possession at the time of the levy. The burden being then put upon the claimant, she introduced a deed dated October 15, 1894, recorded in 1897, from James E. Clements to her, purporting to convey the title of the land in question. It must be noted that James E. Clements was a stranger to this proceeding, and the claimant in no manner proved title in him at the time he made the deed to her, nor was there any attempt made to prove the fact that Clements was in possession of the land at the time he made the deed, so as to raise the presumption of ownership. The question at issue was one of title, and it was not sufficient to introduce a deed from a third person convey-

ing the title of the property to the claimant, without more, to authorize a verdict that the property was not subject to the execution. Such facts as vested title in the claimant must have been proved, or, by the proof of possession in her grantor, raise a presumption that the title followed the possession, in order for her claim to prevail. Not having done either, the presumption of title in the defendant, which arose by proof that he was in possession of the land at the time of the levy, must prevail.

Error is assigned because, after the claimant rested her case, the plaintiffs in execution were allowed to introduce the original petition of claimant, with her affidavit thereto, praying that a homestead might be assigned her out of the land in question, together with the action of the ordinary thereon. The admission of this evidence was immaterial. The claimant did not rest her right to the property under the allowance of the homestead, but under the deed made to her by James E. Clements; and while we do not agree with the ruling of the court that the petition for allowance of homestead, as it appears in the record, necessarily estopped her from otherwise claiming the property, there was no error in admitting the petition for homestead and the subsequent proceedings had thereunder, because under one construction of the petition, schedule, and affidavits attached, it could be contended that she at that time admitted title in her husband, who was the defendant in execution. But inasmuch as the plaintiff in fi. fa. made a prima facie case which the claimant failed in any way to rebut, but one verdict could have been returned by the jury under the evidence, and that was that the property was subject to the execution. The court committed no error in directing the jury so to find.     *Judgment affirmed.     All the Justices concurring.*